IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| LAURA ANDRADE | § | |
| Plaintiff | § | Case No. 5:18-CV-00156 |
| | § | |
| v. | § | |
| | § | |
| JACOB WIEBE TEICHROEB, Individually | § | |
| And d/b/a SEMINOLE METAL | § | |
| Defendant | § | |

**DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(1) and 12(b)(6) &
SUPPORTING BRIEF**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

DEFENDANT, JACOB TEICHROEB, Individually and d/b/a SEMINOLE METAL,

enters this appearance in this case, and files this, his Motion to Dismiss under Rule 12(b)(1) and

12(b)(6) and Supporting Brief. Defendant would respectfully show as follows:

**A.      Introduction**

1.      Plaintiff is LAURA ANDRADE; Defendant is JACOB WIEBE TEICHROEB,

Individually and d/b/a SEMINOLE METAL.

2.      On or about June 29, 2018, Plaintiff sued Defendant claiming violations of 29

U.S.C. § 201, et. seq., the Fair Labor Standards Act ("FLSA"), in failing to pay overtime wages

to Plaintiff, including state law claims for assault over which Plaintiff seeks the exercise of

ancillary jurisdiction.

3.      Defendant brings this Motion, seeking dismissal of Plaintiff's State Law Claims

based on a lack of subject-matter jurisdiction. Subject to that Motion, The Defendant would

request that this Court order complete, or alternatively, partial dismissal of Plaintiff's claims

under Rule 12(b)(6), FED. R. CIV. P. for failure to state a claim upon which judgment might be granted.

### B.       Motion to Dismiss for Lack of Subject Matter Jurisdiction

4.       Plaintiff claims that she worked for Defendant, at his metal yard in Seminole, Texas, between August 2014 to June 2017. Plaintiff alleges that, during the time that she worked at Defendant's business, Defendant groped her and sexually assaulted her on numerous occasions between August 2014 to June 2017. (See Plaintiff's Complaint, [Doc. 1], ¶¶29-41, 49-53.)

5.       Plaintiff purports to state a cause of action for simple assault arising out of offensive touching of Plaintiff by Defendant. (See Plaintiff's Complaint, [Doc. 1], ¶¶ 49-53).

6.       The claims for assault are state law claims, and are not asserted as federal claims under Title VII or any similar law, and there is no showing that Defendant would meet the threshold minimum number of employees so as to render him subject to action under Title VII.

7.       Defendant moves the Court to dismiss, without prejudice, Plaintiff's claims for assault pursuant to FED. R. CIV. P. 12(b)(1),  as they are not properly within the exercise of ancillary jurisdiction under 28 U.S.C. § 1367, and therefore the Court is without jurisdiction to consider these claims.

### C.       Motion to Dismiss for Failure to State a Claim.

8.       Subject to the above and foregoing Motion to dismiss for lack of subject-matter jurisdiction, Defendant brings this section of the motion pursuant to Rule 12(b)(6), urging this Court to dismiss this action for failure to state a claim upon which relief may be granted.

9.      As stated above, Plaintiff has sued Defendant for (1) violation of the overtime wage provisions of the Federal Fair Labor Standards Act (FLSA), and (2) common-law assault under state law.

10.      On the face of her complaint, Plaintiff states that the assaultive conduct which she claims began in August 2014, and culminated in her departure, in June 2017. Plaintiff filed this case on June 29, 2018, more than two years after the date that she alleges the conduct began.

11.      Defendant would show that the Plaintiff has failed to state a cause of action upon which relief may be granted, as to a majority of the conduct, because Plaintiff's complaint on its face states that much of the conduct complained of occurred more than two years prior to the date of her suit, and is therefore barred by the applicable two-year statute of limitations under §16.003(a), TEX. CIV. PRAC. & REM. CODE.  Defendant requests that this Court order dismissal as to any cause of action or portion thereof that occurred prior to June 29, 2016.

12.      Defendant would further show that Plaintiff's has failed to state a claim for the common-law tort of assault, because she has failed to allege any "bodily injury" resulting from the assault, which is a required element of a common-law claim for assault.

13.      Plaintiff has also pleaded causes of action under the FLSA, 29 U.S.C. § 201, et. seq. Defendant would show that these claims are also subject to a two-year statute of limitations, and that any claims that Plaintiff alleges which accrued prior to June 29, 2016 have been waived, and should be dismissed pursuant to Rule 12(b)(6).

14.      If this Court dismisses the entirety of Plaintiff's claims for assault pursuant to Rule 12(b)(1), and dismisses Plaintiff's FLSA claims accruing prior to June 29, 2016, then Defendant would show that the remaining FLSA claims, even assuming the truth of the matters

of Plaintiff's Complaint, would only entitle Plaintiff to a maximum of $3,536.00[1], and are

therefore *de minimis*, and subject to dismissal by the Court.

### D. Argument & Authority

*Dismissal for absence of jurisdiction as to of state law claims*

15.     This Court's jurisdiction is limited to cases arising under the United States

Constitution, or federal law or cases involving diversity of citizenship. *See* 28 U.S.C. §§1331,

1332. In this case, although the Court has jurisdiction over Plaintiff's FLSA claims, the Court

lacks subject-matter jurisdiction over Plaintiff's ancillary state law claims for simple assult,

because those claims do not arise out of a "common nucleus of operative fact," are capable of

being pursued on their own in State Court, and are not properly federal questions. Furthermore,

no diversity of citizenship exists which might grant independent grounds for subject-matter

jurisdiction.

16.     Under the doctrine of "pendant claims jurisdiction," a federal court with original

jurisdiction is authorized to exercise jurisdiction over all other claims that are so related to the

claim giving rise to original jurisdiction that they form part of the same case or controversy

within the meaning of Article 3 of the Constitution. 28 U.S.C. § 1367(a); *See City of Chicago v.*

*Internat'l Coll. Of* Surgeons, 522 U.S. 156, 167 (1997).

17.     Although Plaintiff alleges that the Court has supplemental jurisdiction over the

assaultive claims, based on the FLSA claims, 28 U.S.C. § 1367(c) favors dismissal. *See Voda v.*

*Cordis Corp.*, 476 F.3d 887, 897-98 (Fed.Cir.2007); *Shekoyan v. Sibley Int'l*, 409 F.3d 414, 423-

24 (D.C.Cir.2005).  In order to exercise supplemental jurisdiction, the Court must find that the

---

[1] Plaintiff states that she is seeking overtime pay of an additional $4 per hour, for 17 hours per week. Assuming 52 weeks of damages sought by Plaintiff, this would amount to a total of $3,536.00.

Plaintiffs' FLSA claim shares a common nucleus of operative facts with the tort claims of assault

and battery, and the claims are such that the plaintiff would be expected to try them all in one

judicial proceeding. *United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218

(1966).

18.     Here, the Plaintiff has alleged FLSA claims, asserting that she was a non-exempt

employee, and that Defendant failed to pay her overtime wages which she was statutorily entitled

to. At the same time, she has alleged assaultive causes of action under state common law. The

FLSA claims will require her to prove that she was an employee, that she was not exempt, and

that she worked overtime hours for which she was not adequately compensated. In contrast, the

state law claims will require her to prove only the elements of common-law assault, ie., that

Defendant committed an unwanted and offensive touching of the person of Plaintiff, that the

contact was not privileged or consented to, and that Plaintiff incurred damages. These claims are

distinct and severable, and do not turn on common facts.

19.     *Saenz v. Austin Roofers Supply*, 664 F.Supp.2d 704 (W.D.Tex.2009) is instructive

here. In *Saenz,* employees brought action in state court against their employer and its manager,

alleging violation of the Fair Labor Standards Act, as well as state law claims for assault, battery,

and negligent training and supervision. The District Court declined to exercise supplemental

jurisdiction over the tort claims, finding that the tort claims and the FLSA claims did not share

common facts, and a different body of law would be required to prove each one. *Id.*at 710. The

*Saenz* court noted that the only connection between the FLSA claims and the was the "workplace

itself and the employment relationship between the parties." *Id.* At 708-09. The Court noted that,

"Although the Fifth Circuit has not addressed the issue, the Third Circuit has concluded that the

employment relationship alone is insufficient to bring state law claims within the same nucleus

of operative facts as a FLSA claim acting as the jurisdictional 'hook'." *Id.*, citing *Lyon v. Whisman*, 45 F.3d 758, 764 (3d.cir.1995). *See also Bates v. Tech Clean Industries, Inc.*, 2002 W.L. 32438759 *3 (N.D.Tex. Oct. 15, 2002); *Benton v. Kroger Co.*, 635 F.Supp. 56, 59 (S.D.Tex.1986).

20.     Because the FLSA claims have no connection with the assault claims, other than the fact that they involve the same parties, and they were brought together by the workplace, it would be appropriate for the Court to decline to exercise supplemental jurisdiction over these claims, and grant the Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1).

*Dismissal of claims under Rule 12(b)(6)*

21.     Subject to the Defendant's Motion to Dismiss the state tort law claims under Rule 12(b)(1) for lack of subject-matter jurisdiction, the Defendant also moves to dismiss all FLSA claims and state tort claims arising *prior to* June 29, 2016, because those claims are barred under the applicable statute of limitations.

22.     It is undisputed that FLSA claims are subject to a two-year statute of limitations. Because FLSA overtime claims are not "continuing violation" types of claims, the effect is that a Plaintiff is unable to allege liability for any claims which predate the filing of the lawsuit by more than two years. The statute of limitations governing recovery of unpaid wages under the FLSA is two years unless the violation is willful, in which case the period is three years from the violation. 29 U.S.C. § 255(a). A violation of the FLSA is considered willful if the defendant either knew its conduct violated the statute or showed reckless disregard for whether its actions complied with the Act. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133, 108 S.Ct. 1677, 100 L.Ed.2d 115 (1988). The burden of showing that an FLSA violation was 'willful' falls on the plaintiffs." *Stokes v. BWXT Pantex, L.L.C.,* 424 Fed.Appx. 324, 326 (5th Cir.2011).

23.     In this case, Plaintiff alleges a claim for overtime wages from June 2015 to the

end of her employment in June 2017. Plaintiff's Complaint, ¶¶ 24, 26. Although Plaintiff states

that Defendant intentionally violated the FLSA, Defendant has failed to show any factual basis

for that contention, or to identify any facts which make that claim plausible, other than the

merely conclusory statement. For that reason, the Court should hold that any claims predating the

filing of the complaint by more than two years prior are barred by the expiration of limitations.

24.     Plaintiff has also alleged the intentional tort of assault against the Defendant. The

elements of an assault are (1) an intentional, knowing, or reckless action by the defendant; (2) of

contact with the plaintiff's person (3) which causes bodily injury the plaintiff. *LaBella v. Charlie

Thomas, Inc.*, 942 S.W.2d 127, 138 (Tex.App.—Amarillo 1997, writ denied). See also, Texas

Pattern Jury Charge, Intentional Personal Torts & Workers' Compensation (2014), PJC 6.6.  The

cause of action for assault, under Texas Law, is subject to the general two year statute of

limitations. TEX. CIV. PRAC. & REM. CODE § 16.0045(b); Brothers v. Gilbert, 950 S.W.2d 213,

216 (Tex.App.—Eastland 1997, pet. denied).[2]

25.     Any actions for assault prior to June 29, 2016, such as the conduct alleged in

Plaintiff's ¶¶ 31, 32, 33, are barred by limitations, and such claims should be dismissed by the

Court as being outside of the statute of limitations.

26.     Additionally, for all of the incidents alleged by the Plaintiff to be assaultive in

nature, Plaintiff is required to allege, as an element of the tort, some degree of "bodily injury."

---

[2] Although the Plaintiff has described her cause of action, at some points as "sexual assault," (eg. Usage of the title
"B. Defendant's Illegal Sexual Assault in the Workplace.") and sexual assault actions may be subject to a five-year
extended statute of limitations under CPRC § 16.0045, Defendant would show that such an extended limitations
period applied only to actions which meet the definition of "sexual assault" contained in Penal Code § 22.011
(penetration or contact between the anus or sex organ of another person by the mouth or sex organ of the actor), and
Plaintiff has alleged no such facts on the face of her Complaint. Therefore, Plaintiff has alleged a simple assault –
not a sexual assault.

This means that the Plaintiff must plead and prove some injury beyond mere offensive touching. *Forbes v. Lanzl*, 9 S.W.3d 895, 900 (Tex.App.—Austin 2000, no pet.). "Bodily injury" has been defined under the Texas Penal Code §1.07(a)(8) as physical pain, illness, or any impairment of physical condition. *Moore v. City of Wylie*, 319 S.W.3d 778, 782 (Tex.App.—El Paso 2010, no pet.)

27.     Plaintiff has failed to allege any degree of "bodily injury" that would satisfy the required element of a cause of action for assault. Plaintiff has alleged only that Defendant had unwanted physical contact with her in a clothed state, propositioned her, and showed her photos of naked women. (Plaintiff's Complaint ¶ 50.) Plaintiff has alleged that she was harmed by these actions, and suffered pain and suffering, mental anguish, emotional distress and economic damages, but Plaintiff has failed to show any type of bodily injury. Therefore, Plaintiff's state-law claims should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## E. Conclusion

Based on the above arguments, Plaintiff has failed establish predicate subject-matter jurisdiction over the supplementary claims of assault, and those claims should be dismissed without prejudice as to their re-filing. Alternatively, Plaintiff has failed to state a cause of action for assault, by omitting the required legal element of "bodily injury," so those claims are ripe for dismissal under Rule 12(b)(6). Additionally, all portions of FLSA claims or Assault claims which pre-date June 29, 2016 should be dismissed as outside the two-year limitations period.

## Prayer

Defendant prays that this matter be duly taken under consideration by the Court, and that, upon such consideration, Defendant's Motion be granted, and this cause dismissed, either in its entirety, or as to any such portion which this Court determines merits dismissal.

Respectfully submitted,

By:     */s/ Robert S. Hogan*
        HOGAN LAW FIRM, PC
        Robert S. Hogan
        State Bar No. 00796767
        1210 Ave. R (79401)
        P.O. Box 2277
        Lubbock, Texas 79424
        Telephone: (806) 771-7900
        Facsimile: (806) 771-7925
        Email: rob@hoganlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that, on July 11, 2018, the undersigned attorney electronically filed the

foregoing with the Clerk of Court and service copies were sent to all counsel of record using the

CM/ECF system:

Laura Choi                         Fernando Bustos
Christopher Benoit                 BUSTOS LAW FIRM, PC
TEXAS RIO GRANDE LEGAL AID, INC.   PO Box 1980
1331 Texas Ave.                    Lubbock, TX 79408
El Paso, Texas 79901               fbustos@bustoslawfirm.com
lchoi@trla.org
cbenoit@trla.org


                                   */s/ Robert S. Hogan*
                                   Robert S. Hogan