IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| LAURA ANDRADE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| JACOB WIEBE TEICHROEB, *Individually* | ) |
| and *d/b/a* SEMINOLE METAL, | ) |
| | ) |
| Defendant. | ) Civil Action No. 5:18-CV-156-C |

## ORDER

On this day, the Court considered:

(1) Defendant Jacob Wiebe Teichroeb, Individually, d/b/a Seminole Metal's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), filed July 11, 2018; and

(2) Plaintiff Laura Andrade's Response to Defendant's Motion to Dismiss, filed July 30, 2018.

The Court, having considered the foregoing, is of the opinion Defendant's Motion to Dismiss shall be **GRANTED IN PART** and **DENIED IN PART**.

## I.
## BACKGROUND

On June 29, 2018, Laura Andrade ("Plaintiff") filed the above-styled and -numbered civil action against Jacob Wiebe Teichroeb, Individually, d/b/a Seminole Metal ("Defendant"), alleging willful violations under the Fair Standards Labor Act pursuant to 29 U.S.C. §§ 201 *et seq.* Pursuant to 28 U.S.C. § 1367, Plaintiff asserted a single state law tort claim against Defendant for allegedly assaulting Plaintiff multiple times throughout her employment.

Pursuant to Fed. R. Civ. P. 12(b)(1), Defendant moves to dismiss Plaintiff's state law

1

claim, contending the Court lacks subject matter jurisdiction and that such claims are not properly within the exercise of supplemental jurisdiction under 28 U.S.C. § 1367. In addition, Defendant moves under Fed. R. Civ. P. 12(b)(6) arguing Plaintiff has failed to state a claim upon which relief may be granted as it relates to alleged violations arising under both state and federal law.

## II.
## STANDARD

*Federal Rule of Civil Procedure 12(b)(1)*

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. Fed. R. Civ. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *King v. U.S. Dept. Of Veteran's Affairs*, 728 F.3d 410, 413 (5th Cir. 2013). The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would

entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Willoughby v. U.S. ex rel. U.S. Dept. of the Army*, 730 F.3d 476, 479 (5th Cir. 2013). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). The court's dismissal of a plaintiff's case because the court lacks subject matter jurisdiction is not a determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

### *Federal Rule of Civil Procedure 12(b)(6)*

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The court must accept all factual allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). In reviewing a motion to dismiss under Rule 12(b)(6), a district court must generally examine only the complaint and any attachments to the complaint. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). But a court may consider extrinsic documentary evidence if (1) the document is attached to a defendant's motion to dismiss, (2) the document is referred to in the plaintiff's complaint, and (3) the document is "central" to the plaintiff's claim. *Id.* at 498–99. To survive a 12(b)(6) Motion to Dismiss, a complaint must contain enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when it

3

asserts facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This determination is context-specific and requires the court to draw upon its own experience and common sense. *Id.*

## III.
## DISCUSSION

### *Subject Matter Jurisdiction*

Plaintiff pleads in her Complaint the existence of federal question jurisdiction and complains that the Defendant has violated 29 U.S.C. §§ 201 *et seq*, as well as having committed the state law tort of assault. Defendant moves on the basis that Plaintiff's "claims for assault . . . are not properly within the exercise of ancillary jurisdiction under 28 U.S.C. § 1367, and therefore the Court is without jurisdiction to consider these claims." Def.'s Mot. to Dismiss ¶ 7.

Within the confines of 28 U.S.C. § 1367, "[f]ederal district courts have supplemental jurisdiction over all . . . claims that are so related to claims in the action within [the district court's] original jurisdiction that they form part of the same case or controversy under Article III. . . ." *D'Onofrio v. Vacation Publications, Inc.*, 888 F.3d 197, 206 (5th Cir. 2018) (internal citations omitted). Accordingly, "[t]he question under section 1367(a) is whether the supplemental claims are so related to the original claims that they . . . 'derive from a common nucleus of operative fact.'" *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966)).

The Court, having considered the briefing submitted addressing this jurisdictional dispute, is of the opinion Plaintiff has carried her burden of establishing the existence of supplemental jurisdiction over her state law tort claim. Accordingly, the Court **DENIES** Defendant's Motion under Fed. R. Civ. P. 12(b)(1) for the reasons set forth in Plaintiff's Response.

*Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6)*

    *i. Fair Standards Labor Act*

Turning now to Defendant's Motion to Dismiss under Rule 12(b)(6), Defendant moves to "dismiss all FLSA claims . . . arising prior to June 29, 2016, because those claims are barred under the applicable statute of limitations." Def.'s Mot. to Dismiss ¶ 21. Defendant contends that "[a]lthough Plaintiff states that Defendant intentionally violated the FLSA, Defendant (sic) has failed to show any factual basis for that contention, or to identify any facts which make that claim plausible, other than the merely conclusory statement." *Id*. at ¶ 23. Conversley, Plaintiff asserts her "allegations adequately plead that Defendant's conduct was willful, [and therefore] a three-year statute of limitations applies to her FLSA claims . . . ." Pl.'s Resp. to Def.'s Mot. to Dismiss p. 12. Plaintiff's Complaint asserts Defendant: (1) intentionally misclassified her as an independent contractor; (2) knew she was working overtime, but did not pay her one and a half times her normal hourly rate; and (3) the conduct committed by the Defendant was in complete disregard for the laws under the Fair Labor Standards Act. Pl.'s Compl. ¶¶ 19, 26–7.

Ordinarily, claims brought under the Fair Labor Standards Act are subject to a two-year statute of limitations. 29 U.S.C. § 255(a). "However, this limitations period is extended to three years for claims based on willful violations of the FLSA." *Perkins v. Total Bldg. Maint., Inc.*, No. 3:14-CV-2398-B, 2015 WL 1609193, at *3 (N.D. Tex. Apr. 7, 2015) (Boyle, J.). To prove willfulness and obtain the benefit of an additional year, "an employee must establish that the employer 'either knew or showed reckless disregard as to whether its conduct was prohibited by the [FLSA].'" *Id.* (quoting *Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 356 (5th Cir.1990).

Equally important, "[a] statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to

raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). However, a plaintiff is "not required to plead facts disproving any potential statute of limitations defense [d]efendants may . . . raise[]." *Perkins*, 2015 WL 1609193, at *3.

The Court, having reviewed Plaintiff's Complaint and all relevant authority, is disinclined at this stage of litigation to make a determination of whether or not Defendant's conduct was willful.[1] Accordingly, Defendant's Motion to Dismiss Plaintiff's FLSA claims prior to June 29, 2016, is **DENIED**. This denial has no implication or effect upon Defendant's affirmative defenses.

### ii. State Law Assault Claim

Plaintiff pleads in her Complaint that Defendant committed the state law tort of assault. Defendant moves to "dismiss . . . [the] state tort claims arising prior to June 29, 2016, because those claims are barred under the applicable statute of limitations. Def.'s Mot. to Dismiss ¶ 21. In addition, Defendant asserts that "for all of the incidents alleged by the Plaintiff to be assaultive in nature, Plaintiff is required to allege, as an element of the tort, some degree of bodily injury." *Id.* at ¶ 26.

In response, Plaintiff indicates that "[i]n Texas, the definition of assault is the same under civil and criminal law and covers three types of contact: (1) bodily injury; (2) imminent bodily injury; or (3) intentional or knowing physical contact with another when the person knows or

---

[1] *See Perkins*, 2015 WL 1609193, at *4 ("[a]s the issue of willfulness raised by Plaintiff contains a question of fact that cannot be resolved at this stage in the proceedings, Defendants' Motion to Dismiss is premature in asserting that such allegations are conclusory and cannot support a finding of willfulness."); *see also Craven v. Excel Staffing Serv., Inc.*, No. H–12–2860, 2014 WL 345682, at *8 (S.D. Tex. Jan.30, 2014) (finding the issue of whether Defendant's conduct willfully violated the FLSA contained a questions of fact and concluding that "at this pleading stage prior to discovery the motion to dismiss . . . is premature.").

should reasonably believe that the other will regard the contact as offensive and provocative." Pl.'s Resp. to Def.'s Mot. to Dismiss p. 10 (citing *LaBella v. Charlie Thomas, Inc.*, 942 S.W.2d 127, 138 (Tex. App.—Amarillo Mar. 12, 1997, writ denied); Tex. Pen. Code § 22.01(a)(3).

Plaintiff argues that "Defendant describes the first type of contact in his Motion to Dismiss. However, [Plaintiff] pleaded her case under the third prong." *Id.* In relation to the third prong "offensive contact is the gravaman of the action; consequently, [a] defendant is liable not only for contacts which cause physical harm, but also for those that are offensive or provocative." *Horn v. Quanta Servs., Inc.*, No. H-09-1514, 2010 WL 2196274, at *3 (S.D. Tex. May 27, 2010) (quoting *Foye v. Montes*, 9 S.W.3d 436, 441 (Tex. App.—Houston[14th Dist.] Dec 16, 1999, pet. denied ) (citations omitted)). However, as identified by Defendant and conceded by Plaintiff, Texas Civil Practice and Remedies Code Section 16.003 imposes a two-year statute of limitations on claims arising from personal injury.

The Court, having considered Plaintiff's Complaint and all briefing submitted, finds Plaintiff has alleged sufficient facts to sustain a cause of action arising under Texas Penal Code Section 22.01(a)(3). However, Plaintiff's assault claims arising prior to June 29, 2016, are barred under the applicable statute of limitations. Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's Motion to Dismiss under 12(b)(6) as it relates to Plaintiff's assault allegations.

### IV.
### CONCLUSION

The Court, having considered Defendant's Motion to Dismiss and Plaintiff's Response, is of the opinion Defendant's Motion pursuant to Fed. R. Civ. P 12(b)(1) should be **DENIED**. Further, Defendants Motion under Fed. R. Civ. P. 12(b)(6) is **GRANTED IN PART** and

**DENIED IN PART** in accordance with the Court's finding set forth above.

SO ORDERED this 24th day of October, 2018.

_____
SAM R. CUMMINGS
SENIOR UNITED STATES DISTRICT JUDGE